UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NICHOLAS JON THOMPSON,

      *Plaintiff*,

-against-

METRODATA SERVICES, INC.,

      *Defendant.*

**COMPLAINT**

**JURY TRIAL DEMANDED**

5:20-cv-1213 (FJS/TWD)

By and through the undersigned counsel, Plaintiff Nicholas Jon Thompson ("Plaintiff"), with knowledge as to his own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that such allegations have substantial evidentiary support, alleges as follows:

**Preliminary Statement**

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the New York Fair Credit Reporting Act, NY General Business Law § 380 et seq. ("NY FCRA"), Plaintiff brings this action against Defendant Metrodata Services, Inc. ("Metrodata" or "Defendant") to recover actual, statutory, and punitive damages, as well as costs and attorney's fees and injunctive relief.

2. Congress enshrined within the FCRA the "need to insure that consumer reporting agencies ("CRAs") exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." § 1681(a)(4).

3. Moreover, Congress has plainly stated the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for

consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." § 1681(b).

4. Similarly, courts have stated that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . " *Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y. 1973) (citing 116 Cong. Rec. 36572 (1970)).

5. Pursuant to the FCRA and NY FCRA, "consumer reports" subject to the protections of those statutes include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." FCRA § 1681a(d)(1)(B); NY FCRA § 380-A. Defendant Metrodata is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers. As set forth herein, Metrodata denied Plaintiff the protections provided by the FCRA.

6. Metrodata is liable to Plaintiff for violating § 1681e(b) of the FCRA (and a corresponding provision the NY FCRA) due to its acts and omissions, including, but not limited to, the following:

    a. preparing and publishing consumer reports about Plaintiff to third-parties that contained inaccurate information in violation of § 1681e(b); and

    b. reporting about Plaintiff, or maintaining in its credit file about Plaintiff, criminal history that it had reason to know was inaccurate, and failing to maintain reasonable procedures designed to assure maximum possible accuracy of information reported about Plaintiff, in violation of NY FCRA § 380-j.

7. As a direct and proximate result of Metrodata's unlawful conduct, Plaintiff suffered actual damages cognizable pursuant to the FCRA and/or NY FCRA.

8. Metrodata's willful violations of the FCRA and corresponding sections of the NY FCRA entitles Plaintiff to an award of punitive damages.

## Jurisdiction and Venue

9. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of state claims asserted herein under New York law pursuant to 28 U.S.C. §1367(a).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## The Parties

11. Plaintiff Nicholas Jon Thompson is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)) and NY FCRA (NY GBL § 380-a(b)). Plaintiff resides in Liverpool, New York.

12. Upon information and belief, Defendant Metrodata Services, Inc. is a New York corporation, duly authorized and qualified to do business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and the NY FCRA (G.B.L. § 380-a(e)).

## Statement of Facts

*Plaintiff's discovery of Mixed File Information on his background check report*

13. Upon information and belief, in or around June 2020, Plaintiff applied for a Member Service Representative position with AAA Western and Central NY ("AAA").

14. AAA offered Plaintiff the Member Service Representative position ("AAA Position") on or

around June 29, 2020.

15. As stated in a June 30, 2020 email to Plaintiff, AAA confirmed that Plaintiff accepted the AAA Position and would start on July 6, 2020 contingent on the completion of a background check.

16. On June 30, 2020, AAA requested a background check report on Plaintiff from Metrodata ("Metrodata Report").

17. Metrodata provided the Metrodata Report to AAA on or around July 2, 2020.

18. Under the section "National Sex Offender Search," the Metrodata Report listed three inaccurate criminal offenses ("False Criminal History"). The first offense was for rape, the second for rape of a child, and the third for indecent assault.

19. Upon information and belief, Plaintiff has no criminal record and has never committed a crime.

20. In a July 3, 2020 letter, AAA rescinded the offer of employment to Plaintiff. AAA stated that it rescinded the offer for employment "based on falsification of [Plaintiff's] employment application." The letter also stated that the decision to rescind the offer of employment "was influenced by information in a consumer report made at our request by Metrodata Services, Inc."

21. Upon information and belief, Plaintiff contacted AAA and explained that the Metrodata report was inaccurate.

22. Upon information and belief, on or around July 5, 2020 AAA contacted Plaintiff to re-offer him the AAA Position.

**Metrodata mixed Plaintiff with another individual on the Metrodata Report.**

23. The Metrodata Report's "National Sex Offender Search" listed Plaintiff's name as Nicholas

Thompson Jr. Upon information and belief, Plaintiff is not a "Jr." and has never gone by that name in any official documents or court proceedings.

24. Upon information and belief, the address listed for Plaintiff on the Metrodata Report is a corrections department. This is not Plaintiff's address.

25. Plaintiff is listed as having brown eyes on the Metrodata Report. This is incorrect, as Plaintiff has blue eyes.

26. Plaintiff is listed as being 73 inches tall on the Metrodata Report. In fact, Plaintiff is 70 inches tall.

27. Upon information and belief, the individual responsible for the criminal charges on the Metrodata Report is a man named Nicholas Joseph Thompson ("Criminal"), residing in a prison in Houtzdale, Pennsylvania, with an inmate number of LT3575. Upon information and belief, the Criminal was incarcerated as of July 20, 2020.

28. Upon information and belief, Plaintiff has never resided in Pennsylvania.

29. The Metrodata Report, one page before listing Plaintiff as a convicted child rapist, listed Plaintiff's three references, which claimed that Plaintiff "is a good leader," "has great perseverance," and "can improve [by] not setting such high expectations."

30. Upon information and belief, at no point prior to providing AAA with the Metrodata Report did Metrodata reach out to Plaintiff to obtain personal identifier information, supporting documents, or a statement. Upon information and belief, had Metrodata done so they would not have published the Metrodata Report with the False Criminal History.

*Damages*

31. At all times pertinent hereto, the conduct of Metrodata, as well as its respective agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in

wanton disregard for the rights of Plaintiff under applicable law.

32. As a direct and proximate result of the willful and negligent actions, conduct, and omissions of Metrodata, Plaintiff suffered cognizable actual damages, including but not limited to emotional distress, anxiety, frustration, humiliation, embarrassment, and damage to Plaintiff's reputation.

## FIRST CAUSE OF ACTION
## VIOLATION OF FCRA § 1681e(b)

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. Metrodata violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of consumer reports about Plaintiff.

35. This violation of § 1681e(b) was willful, rendering Metrodata liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

36. In the alternative, Metrodata's violation of § 1681e(b) was negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF NY FCRA § 380-j

37. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

38. Metrodata violated the NY FCRA (NY GBL §§ 380-380-u) by its acts and omissions,

including, but not limited to, the following:

    a. Metrodata maintained in Plaintiff's credit file and/or reported information about Plaintiff that Metrodata had reason to know was inaccurate, in violation of § 380-j(a); and

    b. Metrodata failed to maintain reasonable procedures to assure maximum possible accuracy of information Metrodata reported about Plaintiff, in violation of § 380-j(e).

39. These violations of § 380-j were willful, making Metrodata liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-l. Plaintiff is also entitled to injunctive relief restraining Metrodata from any further violations of Plaintiff's rights pursuant to the NY FCRA.

40. In the alternative, Metrodata's violations of § 380-j were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 380-m.

41. Plaintiff is also entitled to injunctive relief restraining Metrodata from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Metrodata:

1. Awarding against Metrodata actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as NY GBL § 380-l and § 380-m.

2. Ordering Defendant Metrodata to:

    a. immediately and permanently (i) delete all inaccurate information from Plaintiff's credit reports and files, and (ii) cease reporting the inaccurate information to any

and all persons and entities to whom Metrodata reported consumer information; and

    b. send updated and corrected consumer report information to all persons and entities to whom Metrodata reported inaccurate information about Plaintiff within the last three years;

3. Enjoining Metrodata from violating Plaintiff's NY FCRA rights; and

4. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

> */s/  Adam G. Singer*
> **LAW OFFICE OF ADAM G. SINGER, PLLC**
> Adam G. Singer (AS518966)
> asinger@adamsingerlaw.com
> One Grand Central Place
> 60 E. 42nd Street, Suite 4600
> New York, NY 10165
> T: 212.842.2428